## CONSTRUCTION OF A DISCHARGE IN BANKRUPTCY.

Circuit Court of Cuyahoga County.

THE NATIONAL CITY BANK v. ABRAHAM C. WERTHEIM ET AL.

Decided, May 10, 1912.

*Bankruptcy—Discharge in Bankruptcy of Individuals Doing Business as Partners Discharges from Individual Liability.*

Where partners have all signed a bankruptcy petition individually, setting up that they have surrendered their property individually as well as a partnership, were all adjudicated bankrupts individually as well as a partnership, but the final order of the court was that they were discharged from provable claims against them as partners, the discharge relieved them from any individual liability for the debts of the partnership.

*Hidy, Klein & Harris,* for plaintiff in error.
*Max E. Meisel* and *J. H. Sampliner,* contra.

DUSTIN, J. (sitting in place of Winch, J.); POLLOCK, J. (sitting in place of Marvin, J.), and NIMAN, J., concur.

This is an action brought for the balance due upon certain promissory notes. There is an answer setting up a discharge in bankruptcy in certain proceedings in which a petition was filed by Wertheim and two partners, doing business as the Nortern Ohio Cigar Company. The reply makes the issue, however, that the discharge was not of the individual partners, but of the partnership, and the question, of course, arises upon that, in view of the record.

Now the petition was by the partners individually; they all signed the petition; they set up that they have surrendered their property individually as well as a partnership, and scheduled the same. They were all adjudicated bankrupt individually as well as a partnership, but when it came to the petition for discharge, the order of the court was that they were discharged from provable claims against them as partners, doing business as the Northern Ohio Cigar Company, and it is claimed under

that discharge, that the defendants named herein are not individually relieved.

With such a state of facts and the briefs, which were quite elaborate and learned, and oral arguments which were quite helpful to the court also, we have reached the following conclusion:

We think the weight of authority and the better reasoning are in accord with the views announced by Judge Chapman in his written opinion in this case.

The petition in bankruptcy was signed by the partners individually, and the entire individual estates were scheduled and surrendered for the partnership creditors, there being no individual debts alleged or proven. As individuals, they were adjudged to be bankrupts. That would have been untrue and an improper judgment, if either member of the firm had retained any estate available to creditors.

The presumption is that it was true and founded upon sufficient evidence and the parties were, therefore, entitled to a discharge. The discharge was "from all debts and claims which are made provable by said act against their estates as partners," etc.

Plaintiff's claim (like all others) was a partnership claim, and was extinguished under the bankruptcy act, by the surrender of the partners' "estates," as well as the partnership property.

There was no need of a discharge from individual indebtedness, because there was none. And as to plaintiff's claim, we think there was a specific discharge from all in its class.

In distinguishing the authorities, we think the point is well taken that the cases favorable to plaintiff's view arise under *involuntary* bankruptcies, where acts of bankruptcy may be committed by the partnership, not applicable to the individual members, who are not covered by findings as to the partnership. But in the case at bar there was a petition by all the partners individually as well as a firm, and a surrender of both kinds of property, giving the court the widest latitude in its decree, of which latitude we think it has taken advantage. The fact that

one of the partners, out of an abundance of caution, thought best to file a separate petition, can have no effect upon the scope of validity of the other decree, and does not indicate the views or intentions of the court with reference thereto.

The judgment will therefore be affirmed in this, as in two similar cases, 5071 and 5072, in which the same questions are involved.